## J. H. JOHNSON, et a. *versus* HAMLIN RAND.

S. being the owner of a mill privilege, and of a saw mill, and corn mill, with two sets of stones upon it, conveyed the privilege to another, reserving, to himself, the exclusive right to the corn mill, with two sets of stones, and to draw water sufficient to supply the same. It was held that a person, to whom S. afterwards conveyed the corn mill, had a right to change the mode of using the water, for the purposes of the mill, provided he took no more water than was necessary to work the mill before he made the change.

CASE, for diverting the water from the mills of the plaintiff.

The cause was tried here, at May term, 1831, upon the general issue; when it appeared, in evidence, that James J. Swan, being seized of a mill privilege, in Lisbon, in this county, with a saw mill, to which the water was conducted by a canal, and a grist mill with two runs of stones, the water to turn which, was taken from the said canal; on the 16th March, 1812, conveyed his said privilege to a person, whose title the plaintiffs have since acquired, reserving to himself " the exclusive right to the corn mill with two sets of stones, and to draw water, from said canal, sufficient to supply the same, in preference of any, and all other machinery whatever."

When the said conveyance was made, there were two bolters in the corn mill, and the water was taken, by two gates, from the canal, to turn the two sets of stones; and the defendant has, since, acquired a title to all which Swan reserved to himself as aforesaid.

Since the defendant has been in possession, he has erected a smut mill, to clean the grain ground in the said corn mill, the water to turn which, he has taken from the said canal, by a new gate ; and various alterations have been made, by the defendant, in the gates and machinery belonging to the said corn mill.

Evidence was introduced, tending to prove that the alterations, made by the defendant, had caused a greater quantity of water to be used, in the corn mill, than was used when Swan conveyed as aforesaid, but as to this, the evidence was contradictory.

The court directed the Jury, that, if the smut mill was a convenient and necessary appendage to the corn mill, the defendant had a right to erect it, and to take the water in the manner he did, provided, all the machinery, put in operation by the defendant, did not require more water than was necessary to work the mill in 1812 ; that, if the defendant had taken more water than was then necessary, to the injury of the plaintiffs, they were entitled to a verdict ; but otherwise, the verdict ought to be for the defendant. A verdict was returned for the defendant, and the plaintiffs moved for a new trial, on the ground that the jury had been misdirected.

*Bell*, for the plaintiffs.

*J. Smith* and *Bartlett*, for the defendant.

*By the court.* The only question which this case presents, is, whether the defendant had a right to change the mode, in which he used the water, for the purposes of his mill, provided he took no more water than was necessary to work the mill, before he made the changes ? This question has long been settled, and we think that the direction, to the jury, was as favorable to the plaintiffs, as the law will warrant. 1 B. & A. 258, *Saunders* v. *Newman* ; 2 N. H. Rep. 255, *Bullen* v. *Runnels* ; 4 Coke, 86, *Luttrel's case* ; 5 Taunton, 454, *Alder* v. *Lavil.*

*Judgment on the verdict.*